COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-166-CV

WILLIAM F. FREEMAN APPELLANT

V.

KAREN LEE FREEMAN APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

NO. 2-05-213-CV

IN RE WILLIAM F. FREEMAN RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)
 This consolidated interlocutory appeal and original proceeding involve the propriety of the trial court’s order denying arbitration of the parties’ claims in the underlying dispute, which is a post-divorce enforcement and clarification proceeding.  The divorce decree contains an arbitration provision concerning “any dispute between the parties relating to any disputed issue in this matter.”  
 Appellant and relator, William F. Freeman (William), has not briefed whether the arbitration provision in the decree is governed by the Federal Arbitration Act (FAA) or the Texas General Arbitration Act.  This issue is jurisdictional.  Texas law does not permit an interlocutory appeal of an order denying arbitration under the FAA.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  Therefore, mandamus is the appropriate method of enforcement. 
 Id
.  

The FAA governs a contract evidencing a transaction involving interstate commerce if the contract contains a written arbitration provision.  9 U.S.C.A. § 2 (West 1999); 
In re Scott
, 100 S.W.3d 575, 579 (Tex. App.—Fort Worth 2003, orig. proceeding).  The divorce decree awards each party a one-half ownership interest in property located in Arizona, which had been subdivided prior to the divorce.  Nine of these properties had been sold before the divorce and were financed by notes payable to both parties.  We conclude that the transaction here involves interstate commerce; therefore, the FAA is applicable to this arbitration dispute.  
See Murphy v. Murphy
, 2-02-00449-CV, 2004 WL 254223, at *1 (Tex. App.—Fort Worth Feb. 12, 2004, pet. denied) (mem. op.) (dismissing interlocutory appeal because property settlement agreement among Texas residents that provided for sale of property in Colorado involved interstate commerce).  
Accordingly, we dismiss William’s interlocutory appeal for want of jurisdiction.

We have also considered William’s petition for writ of mandamus, Karen’s response, and William’s reply and are of the opinion that relief should be denied.  Accordingly, William’s petition for writ of mandamus is denied. 

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: August 4, 2005 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.